**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAHADAR RAM LAKHA,<br><br>                    Petitioner,<br><br>    v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                    Respondent. | No. 13-71715 & 14-73690<br><br>Agency No. A029-904-467<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Bahadar Ram Lakha, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") orders denying his second and third

untimely motions to reopen.  We consolidate his petitions for review in Nos. 13-

71715 and 14-73690.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales*, 400

F.3d 785, 791 (9th Cir. 2005), and deny the petitions for review.

With respect to petition No. 13-71715, the BIA did not abuse its discretion

in denying Lakha's second motion to reopen, alleging ineffective assistance of

counsel, where Lakha failed to establish prejudice resulting from his former

attorneys' alleged ineffective assistance. *See id.* at 793 (to prevail on an ineffective

assistance of counsel claim, a petitioner must demonstrate that counsel failed to

perform with sufficient competence and that he was prejudiced by counsel's

performance).

With respect to petition No. 14-73690, the BIA did not abuse its discretion

in denying Lakha's third motion to reopen, where Lakha failed to establish

materially changed country conditions in India to qualify for the regulatory

exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii) (requiring "changed

circumstances arising in the country of nationality"); *Najmabadi v. Holder*, 597

F.3d 983, 989 (9th Cir. 2010) (no changed country conditions where country

conditions evidence submitted with petitioner's motion to reopen was not

qualitatively different from that submitted at original hearing).

Contrary to Lakha's contention in both petitions, the BIA provided sufficient

reasoning, detail, and evaluation of evidence in denying his motions to reopen,

where it considered the evidence submitted and explained why Lahka had not met his burdens. *See Najmabadi*, 597 F.3d at 990 ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)); *see Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (the BIA is not required to "discuss each piece of evidence submitted").

Respondent's unopposed November 9, 2015, motion for an extension in petition No. 14-73690 is granted.

**PETITIONS FOR REVIEW DENIED.**